# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISH NETWORK L.L.C., ECHOSTAR TECHNOLOGIES L.L.C., and NAGRASTAR LLC<br><br>        Plaintiffs,<br><br>    v.<br><br>IRAM JORDY BOLANOS, ERIC MORENO BOLANOS, YOLANDA BOLANOS, JOEL ALVARADO LIZAMA, and DOES 1-10, all d/b/a www.nexiks.com and www.nexiks.net,<br><br>        Defendants. | Case No. CV 12-3097 DSF (OPx)<br><br>**PARTIAL JUDGMENT AND PERMANENT INJUNCTION** |

## I. PERMANENT INJUNCTION AGAINST DEFENDANTS

Upon default of Defendants, the Court, having reviewed the record, evidence, and applicable law in this matter, enters a permanent injunction against Defendants and **ORDERS** as follows:

1. Defendants, and any of their officers, agents, servants, employees, attorneys, and those acting in active concert or participation with them, who receive actual notice of this Order are **PERMANENTLY ENJOINED** and **RESTRAINED** from directly or indirectly:

   (a) manufacturing, importing, offering to the public, selling, distributing, providing, linking to, or otherwise trafficking in (i) subscription services or any other technology, device, equipment, or product used to access an Internet Key Sharing ("IKS") computer server; and (ii) any other subscription service, technology, device, equipment, or product used in circumventing DISH Network's security system or receiving, intercepting, or decrypting DISH Network programming without authorization;

   (b) receiving or assisting others to receive Plaintiffs' satellite signal or other electronic communications originating from Plaintiffs' system(s) without authorization;

   (c) destroying, hiding, or altering any books or records, whether in hard copy or electronic form, regarding satellite television websites or

domains, businesses, or finances of Defendants, including customer names, internet protocol logs, discussion threads, invoices, purchase orders, receipts, shipping records, banking or investment records, or any documents that identify manufacturers, exporters, importers, dealers, purchasers, or website owners and operators of the devices identified in subsection (a) above, or persons involved in operating any IKS server or receiving control words from same;

2. The conduct permanently enjoined pursuant to section II.1.(a)-(c), above applies to nexiks.com and nexiks.net, any variation of the "nexiks" domain, and any other domains, regardless of their respective top-level domains, that Defendants currently use or may use in the future to offer, provide, sell, distribute, or otherwise traffic in subscription services used to access an IKS server for purposes of circumventing Plaintiffs' security system or intercepting, receiving, or decrypting Plaintiffs' satellite television services or programming without authorization.

**II.   PARTIAL JUDGMENT AND ORDER FOR SEIZURE AND IMPOUNDMENT**

1. The Court ORDERS judgment be entered in favor of Plaintiffs DISH Network L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC on Count III of Plaintiffs' Original Complaint for violations of 17 U.S.C. § 1201(a)(2), against

Defendants Iram Jordy Bolanos, Eric Moreno Bolanos, Yolanda Bolanos, Joel Alvarado Lizama, all d/b/a www.nexiks.com and www.nexiks.net.

2. The Court awards Plaintiffs statutory damages against Defendants in the amount of $115,000, based on Defendants' 115 violations of the DMCA, 17 U.S.C. § 1201(a)(2), at $1,000 per violation, as authorized by 17 U.S.C. § 1203(c)(3)(A).

3. Pursuant to the impoundment provision authorized by the DMCA, 17 U.S.C. § 1203(b)(2), the Court further ORDERS that, as soon as reasonably possible, Verisign, Inc. shall change the current registrar of record for nexiks.com and nexiks.net to a holding account with GoDaddy.com, LLC ("GoDaddy.com"). Once GoDaddy.com becomes the registrar of record for nexiks.com and nexiks.net, GoDaddy.com shall change the current registrants of record of nexiks.com and nexiks.net, to NagraStar LLC or such other person or entity that NagraStar LLC designates.

4. Pursuant to the impoundment provision authorized by the DMCA, 17 U.S.C. § 1203(b)(2), the Court further ORDERS that, within 10 court days of service of this Order on Defendants, Defendants shall send by Federal Express or UPS, to counsel for Plaintiffs, Chad Hagan, Hagan, Noll & Boyle, LLC, 820 Gessner, Suite 940, Houston, Texas 77024, the following items for seizure and impoundment:

  (a) all computers, computer hard drives, flash drives, CD-ROMs, disks, and any other electronic storage media devices or electronically stored information ("ESI") containing information or data that assist in the circumvention of Plaintiffs' security system or unauthorized decryption of Plaintiffs' satellite services and programming;

  (b) all documents and records, whether in physical or electronic form, pertaining to the ownership and operations of nexiks.com and nexiks.net, Internet Key Sharing computer servers, piracy of Plaintiffs' programming, and Defendants' subscribers who purchased a subscription to use the NexIKS piracy service;

  (c) all Plaintiffs' receiving equipment, including Plaintiffs' receivers, smart cards, and any other devices, equipment, or technologies used in connection with any IKS computer server or for piracy of Plaintiffs' programming;

  (d) a chain of custody and inventory sheet, signed and dated by Defendants, listing each item sent by Defendants to Plaintiffs' counsel pursuant to section III.4.(a)-(c), above.

5. The Court awards Plaintiffs, as the prevailing parties, reasonable attorney's fees in the amount of $5,900 in accordance with the DMCA, 17 U.S.C. §§ 1203(b)(4)-(5) and L.R. 55-3.

6. Plaintiffs have elected to forgo recovery of costs in this case.

7.   The Court retains jurisdiction over this action for the purpose of enforcing the judgment and permanent injunction against Defendants.

**IT IS SO ORDERED**.

SIGNED and ENTERED this 21st day of November , 2012.

*Dale S. Fischer*

Hon. Judge Dale S. Fischer
United States District Judge